## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

UNITED STATES OF AMERICA                      CRIMINAL ACTION NO. 15-0080-02

VERSUS                                        JUDGE DONALD E. WALTER

STEVEN PAUL BANKS                             MAGISTRATE JUDGE HANNA

### <u>MEMORANDUM ORDER</u>

Before the Court is a motion for compassionate release filed pro se by the defendant, Steven

Paul Banks ("Banks").  <u>See</u> Record Document 205.  The Federal Public Defender's Office notified

the Court that its office would not be enrolling on behalf of Banks.  The Government opposes

Banks's motion.  <u>See</u> Record Document 212.  Based on the following, the motion for release is

**DENIED**.

Banks and a co-defendant were charged in a nine-count indictment, charging various

narcotics offenses.  Banks was charged in count one with conspiracy to distribute cocaine and

cocaine base and pled guilty to the charge.  <u>See</u> Record Documents 1, 52 and 55.  According to his

presentence report, Banks's guideline range was 188 to 235 months of confinement, which

included a criminal history category of VI and based in part on the fact that the instant offense

took place while Banks was on parole.  <u>See</u> Record Document 109.  Banks was also classified as

a career criminal, resulting in a total offense level of 31.  <u>See</u> <u>id.</u>  On July 25, 2016, this Court

sentenced Banks to 120 months of imprisonment.  <u>See</u> Record Document 103.  Banks is currently

housed at the Federal Correctional Institution Oakdale II ("FCI Oakdale II") and he has a projected

release date of March 2024.

On August 18, 2020, Banks filed an "Emergency Motion Before The Court Pursuant To

18 U.S.C. § 3582(C)(1)(A) Compassionate Release/Reduction In Sentence For Extraordinary Or

Compelling Circumstances," seeking compassionate release based on his assertion that his Type II diabetes, hypertension, and high cholesterol make him particularly susceptible to becoming seriously ill if he contracts COVID-19 in prison.  Record Document 205.  Banks filed a Request for Administrative Remedy for Compassionate Release with FCI Beaumont II.  See Record Document 212, Ex. A.  On September 21, 2020, the Warden denied his request for relief.  See id. The Government concedes that Banks has exhausted his administrative remedies but maintains that his motion fails on the merits.  See Record Document 622 at 4.  The Government also concedes that Banks can demonstrate an "extraordinary and compelling reason" as defined in 18 U.S.C. § 3582(c)(1)(A) due to his Type II diabetes,[1] as this is a condition recognized by the Centers for Disease Control ("CDC") as a confirmed COVID-19 risk factor.[2]  See id.  Nevertheless, the Government argues that Banks is still a danger to the community and that the factors set forth under 18 U.S.C. § 3553(a) counsel against his release.  See id.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances."  Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010).  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where

---

[1] The medical records provided by BOP confirm that Banks has been diagnosed and treated for Type II diabetes, high cholesterol, and hypertension.  Type II diabetes is a COVID-19 confirmed risk factor recognized by the Centers for Disease Control ("CDC") ("Adults of any age with the following conditions **are at an increased risk** of severe illness from the virus that causes COVID-19:  . . .  Type 2 diabetes mellitus").   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).

[2] The CDC lists hypertension under the category of "adults of any age with the following conditions **might be at an increased risk** for severe illness from the virus that causes COVID-19."   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. §

3582(c)(2).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after

administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling

reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy

statements issued by the Sentencing Commission."

The Sentencing Commission's policy statement regarding compassionate release is

consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. §
> 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a
> term of supervised release with or without conditions that does not exceed the
> unserved portion of the original term of imprisonment) if, after considering the
> factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the
> court determines that—
>
>> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>>
>> (2) The defendant is not a danger to the safety of any other person or to the
>> community, as provided in 18 U.S.C. § 3142(g); and
>>
>> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.   In the commentary following the policy statement, the Sentencing

Commission identifies three specific reasons that are considered "extraordinary and compelling,"

as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the
> requirements of subdivision (2) [regarding absence of danger to the community],
> extraordinary and compelling reasons exist under any of the circumstances set forth
> below:
>
>> (A) Medical Condition of the Defendant.—
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and
>>> advanced illness with an end of life trajectory). A specific prognosis of
>>> life expectancy (i.e., a probability of death within a specific time
>>> period) is not required. Examples include metastatic solid-tumor
>>> cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease,
>>> and advanced dementia.

3

(ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").  As previously mentioned, the Government concedes that

4

Banks can demonstrate that extraordinary and compelling reasons exist under 18 U.S.C. § 3582(c)(1)(A) to modify his prison sentence based upon a review of his medical records. Specifically, the Government states: "The United States acknowledges that the defendant presents at least one risk factor identified by the CDC as heightening the risk of severe illness or death were the inmate to contract COVID-19, namely type II diabetes."   Record Document 212 at 8. Furthermore, the Government "agrees that this chronic condition presents 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" as provided in Section 1B1.13, comment note 1(A)(ii).  Id.

Regardless of this concession by the Government, the existence of an "extraordinary and compelling reason" does not end the inquiry.  The Court must consider whether Banks remains a danger to the community before granting compassionate release, as required by United States Sentencing Guideline § 1B1.13(2), which refers to 18 U.S.C. § 3142(g).  Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets forth the factors that courts must consider in deciding whether to release a defendant pending trial.  These factors to be considered include the "nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).  Similarly, Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing

imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a).

The Court finds that Banks has not demonstrated that he will not be a threat to others or the community if released.  First, Banks was sentenced in this Court for conspiracy to distribute cocaine.  Notably, this conviction occurred following convictions for distribution of cocaine, distribution of marijuana, and possession of cocaine and *while he was on parole* for this prior conduct.  These convictions have not been mere possession offenses but for the business of narcotics distribution.  In addition, Banks seeks a reduction in sentence to "time served."  However, his statutory minimum sentence was five years and a reduction as requested would result in a sentence that falls below what Congress deemed appropriate for similarly situated defendants.  See United States v. Mazur, No. 18-68, 2020 WL 2113613, at *4 (E.D. La. May 4, 2020) (noting that even if defendant's circumstances "presented extraordinary and compelling reasons to grant compassionate release," his history of attempted manslaughter, possession of controlled substances, and a misdemeanor for domestic abuse battery demonstrates that he is a danger to the community).

In light of the above, the Court concludes that Banks remains a danger to others and his community.  Additionally, in examining the Section 3553(a) factors, to reduce Banks's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct.  Furthermore, a deviation below the mandatory minimum sentences that were set by Congress would create a sentencing disparity between Banks and other similarly situated defendants, thus invalidating a "just punishment" under 18 U.S.C. § 3553(a)(2)(A).

The Court has also looked at the presence of COVID-19 at the FCI Oakdale II. There are eight inmates and ten staff members who are currently testing positive out of 817 total inmates.[3] http://www.bop.gov/coronavirus (last updated 11/19/2020).  Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  See, e.g., United States v. Clark, No. 17-85, 2020 WL 1557397, at *6 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .")  (quoting United States v. Eberhart, No. 13-313, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020));  Mazur, No. 18-68, 2020 WL 2113613, at *1, 3-4 (holding that extraordinary and compelling reasons to grant compassionate release were not present for a prisoner diagnosed with myeloid leukemia and hypertension despite twenty-five percent of the inmate population testing positive for COVID-19). Banks has not shown that inmates are currently not receiving adequate medical attention if they contract the virus.  Additionally, Banks has not shown that the BOP is unable to adequately manage the COVID situation.   This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.  Therefore, the Court finds that Banks has not met his burden.

The Court shares Banks's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court.  The BOP is taking

---

[3] One inmate has died from the virus.  No staff members have died from the virus.  However, there are 20 inmates and 6 staff who have recovered from the virus.  www.bop.gov/coronavirus (last updated 11/19/20).

action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release."  The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk.  The BOP currently has 8,018 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates who have completed service of their sentence) is 17,444. https://www.bop.gov/coronavirus/(last updated 11/19/2020).

For the foregoing reasons, **IT IS ORDERED** that Banks's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 20th day of November, 2020.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE